IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DARRELL WILLIAMS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 09-697-KD-N |
| RICHARD ALLEN, | ) ) ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This case is before the court on the following motions filed by plaintiff: Motion for Temporary Restraining Order (doc. 3); Motion to Amend Complaint (doc. 4); Motion to Amend the Motion for Temporary Restraining Order (doc. 6), and Amended Motion tor Temporary Restraining Order (doc. 8). In addition to these motions, plaintiff has also filed an Amended Complaint (doc. 7) along with a memorandum in support and request for injunctive relief (doc. 9). The matter has been referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 72.2.

*Injunctive Relief*

Plaintiff complains about amounts withheld by the Alabama Department of Corrections from his wages earned while on work release, claiming that the State has withheld more than is allowed under Ala.Code §14-8-6.[1] With regard to his motion for Temporary Restraining Order,

---

[1] Ala. Code § 14-8-6, Work Release for State Inmates/Disposition of earnings and provides as follows:

> The employer of an inmate involved in work release shall pay the inmate's wages directly to the Department of Corrections. The department may adopt regulations

1

writ of attachment, and/or preliminary injunction, as amended, it does not appear that injunctive relief is warranted.

Federal Rule of Civil Procedure 65(b) states that a temporary restraining order may be granted only if "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party ... can be heard in opposition." A similar requirement forms all injunctive relief. "An injury is 'irreparable' only if it cannot be undone through monetary remedies." Ferrero v. Associated Materials, Inc., 923 F.2d 1441, 1449 (11th Cir.1991) (*quoting* Cate v. Oldham, 707 F.2d 1176, 1189 (11th Cir.1983)). Plaintiff's claim of lost wages is the kind of injury for which an award of monetary damages is clearly adequate to make the plaintiff whole. It is thus RECOMMENDED that the court deny petitioner's Motion for Temporary Restraining Order, his Motion to Amend his Motion, and his Amended Motion for Temporary Restraining Order.

*Motion to Amend Complaint*

Plaintiff's Motion to Amend Complaint (doc. 4) includes several paragraphs–factual allegations supporting existing claims–which plaintiff seeks to add to his original complaint. It is the practice of this court not to allow piece-meal amendments to a current complaint, but only

---

concerning the disbursement of any earnings of the inmates involved in work release. The department is authorized to withhold from an inmate's earnings the cost incident to the inmate's confinement as the department shall deem appropriate and reasonable. In no event shall the withheld earnings exceed 40 percent of the earnings of the inmate. After all expenses have been deducted by the department, the remainder of the inmate's earnings shall be credited to his or her account with the department. Upon his or her release all moneys being held by the department shall be paid over to the inmate.

to allow the filing of a complete amendment, which replaces the complaint being amended and which can be read without reference to any prior complaint. On that basis, the undersigned RECOMMENDS that plaintiff's Motion to Amend be denied. However, plaintiff's Amended Complaint (doc. 7) contains a complete restatement of the plaintiff's claims, and is properly filed.

*See* Magistrate Judge's Explanation of Procedural Rights, attached, for important information on how to proceed.

DONE this the 9th day of February, 2010.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen][2] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added) A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[2] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).