IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DARRELL WILLIAMS, #179642,  :

    Plaintiff,  :

vs.  :  CIVIL ACTION 09-0697-KD-N

RICHARD ALLEN, et al.,  :

    Defendants.  :

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate who is proceeding pro se and in forma pauperis,[1] filed an action under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful review, it is the undersigned's recommendation that plaintiff's action be transferred to the United States District Court for the Middle District of Alabama.

In this action plaintiff seeks class certification and complains about the policy, practice, and actions that have resulted in more than forty-percent of his wages being taken by the Alabama Department of Corrections ("ADOC") while he was working on

---

[1] The Clerk is **DIRECTED** to notify the finance section to transfer the case information upon the transfer of this action.

work release, which allegedly is in violation of Alabama Code § 14-8-6 (1975). Plaintiff states that this taking of his wages is being done pursuant to Administrative Regulation 410, thereby placing this regulation in conflict with the statute.

The numerous defendants are either administrative officials with ADOC or wardens at the institutions where plaintiff has been incarcerated. These institutions are situated in all three federal districts. Whereas, a Montgomery, Alabama, address was provided for the administrative officials, namely, Commissioner Richard Allen, Chief Deputy Commissioner Vernon Barnett, Deputy Commissioners James Deloach and Greg Lovelace, and Institutional Coordinators Roy Hightower and Gwen Mosley.

A § 1983 action may be brought in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b); see New Alliance Party of Ala. v. Hand, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action.

In the present action, the events giving rise to plaintiff's action appear to have occurred in every district in Alabama. But the chief complaint is that a policy or practice is causing an unconstitutional deprivation of plaintiff's property, and plaintiff seeks, among other forms of relief, a permanent injunction to change the policy and practice system-wide. Because the administrative

officials who make policy reside in Montgomery in the Middle District, it is recommended that, in the interest of justice and for the convenience of the parties, this action be transferred to the United States District Court for Middle District where the majority of defendants are located.  See 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); Roofing & Sheet Metal Services v. LaQuinta Motor Inns, 689 F.2d 982, 985 (11th Cir. 1982) (The transfer decision is left to "sound discretion of the district court and [is] reviewable only for an abuse of that discretion."); Holton v. Florida, 2008 WL 1885128, at *2 (N.D. Fla. May 6, 2008) ("Such transfers may be made sua sponte by the district court.") (unpublished).

    The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

    DONE this 17th day of June, 2010.

    /s/ Katherine P. Nelson
    UNITED STATES MAGISTRATE JUDGE

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

**Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

**Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson